THE CHICAGO AND ALTON RAILWAY COMPANY *et al.*

*v.*

JACOB A. PETTIT.

*Opinion filed April 20, 1904.*

1. NEGLIGENCE—*contributory negligence clearly shown bars recovery.*
While contributory negligence is ordinarily a question of fact for
the jury, yet if the undisputed evidence shows the accident oc-
curred by reason of the negligence of the plaintiff, and not of the
defendant, there can be no recovery.

2. SAME—*what does not excuse negligence of plaintiff.* Notice to the
conductor of a train, switching at a station, of plaintiff's intention
to repair a car, does not excuse the latter's negligence in crawling
in on top of the trucks to make the repair, without further notice,
half an hour after the conversation, during which time the con-
ductor received orders to do additional switching, which plaintiff
knew might be the case, and where the conductor did not know the
plaintiff intended to go under the car.

MAGRUDER, J., dissenting.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit
Court of McLean county; the Hon. COLOSTIN D. MYERS,
Judge, presiding.

A. E. DeMANGE, and E. M. HOBLIT, (WILLIAM BROWN,
of counsel,) for appellants.

A. J. BARR, and WELTY, STERLING & WHITMORE, for
appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of McLean county in favor of the appellee for $7500 against the appellants, as owner and lessee.

The plaintiff was in charge of a grain elevator owned by Claggett Bros., at Lexington, in said county. The defendants at that place, which is on the main line of the Chicago and Alton railway, have double tracks and a side-track. On the morning of the accident two cars, one loaded with oats and one with shelled corn, stood upon the side-track. The car loaded with corn was leaking, and the plaintiff went beneath the car to repair the same. While he was under the car, lying upon the axle and brake-beam, the engine of a freight train which was engaged in switching in the Lexington yards threw a number of cars against the car plaintiff was repairing, and he was injured.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendants asked the court to instruct the jury to return a verdict in their favor, which the court declined to do, and the action of the court in that regard is the principal error relied upon by the defendants for a reversal of the case.

The plaintiff testified that as the freight train pulled into Lexington on the morning of the injury he met the conductor near the station; that he inquired of him if he had any empty cars for his firm; that the conductor replied "No," but said he had a car of grains doors for them; that about that time the car of grain doors was pushed in on the side-track; that it struck the loaded cars, and that he then noticed the car loaded with corn was leaking. He said: "They didn't strike very hard; I didn't notice very much about it." He also testified he then said to the conductor: "Don't move the car any fur-

ther than you have to; I want to fix it;" that the conductor said, "All right;" that he then said to the conductor, "Are you through switching? I am going to fix that car," to which the conductor replied, "Yes." It appears that the freight train was then placed upon the west track to permit the north-bound passenger train to pass upon the east track; that the plaintiff was engaged in looking after his affairs for about thirty minutes, when he got a board, saw, hammer and nails and crawled in, feet first, upon the top of the south truck of the car, and while he was lying upon his back upon the axle and brake-beam, engaged in mending the bottom of the car, the engine crossed over upon the side-track for the purpose of placing a cattle-car at the loading chute, which was upon the side-track, north of the elevator, and moved the car upon which plaintiff was at work.

While contributory negligence is ordinarily a question of fact for the jury, if the undisputed evidence clearly shows the accident occurred by reason of the negligence of the plaintiff, and not by that of the defendants, there can be no recovery. The weight of the evidence is a question for the jury, but whether there is any evidence fairly tending to support a cause of action is a question for the court. The plaintiff seeks to excuse his recklessness in placing himself in the helpless position in which he found himself when he was injured, on two grounds: First, that it was the custom for elevator men in Lexington to repair leaky cars before shipment, and that in accordance with such custom he had gone beneath said car; and secondly, that plaintiff notified the conductor he was about to repair the car, and the conductor informed him he was through switching. It would seem clear the defendants could not be held liable for the injury unless the persons in control of the engine knew, or by the exercise of reasonable care ought to have known, the plaintiff was beneath the car. The evidence does not show that the conductor was notified that it would be

necessary for the plaintiff to go in on top of the truck to repair the leak, and the plaintiff admitted it was about thirty minutes from the time he talked with the conductor until he went in upon the top of the truck to repair the car. The plaintiff had been engaged in business at Lexington for about eleven years. He was familiar with the method in which the defendants did switching at that point, and had he repaired the car immediately after the conversation with the conductor he could have done so without risk. He, however, waited some thirty minutes before setting about to make the repairs. In the meantime the conductor had received orders to do other switching, which plaintiff admits he knew were likely to be given to the conductor. In view of that fact it was negligence on the part of the plaintiff, thirty minutes after he had talked with the conductor, to go beneath said car without notifying the conductor or some other member of the train crew that he was beneath the car engaged in repairing the bottom of the car. Had the plaintiff gone beneath the car immediately after talking with the conductor upon his arrival in Lexington, and been injured by reason of cars being thrown against the car which he was repairing, the defendants possibly would have been liable. This, however, he did not do, but waited some thirty minutes before commencing to make said repairs and until the conductor had received orders to do additional switching, which orders the plaintiff knew were likely to be given to the conductor, by telegraph or otherwise, while he was waiting in Lexington, and then, without notice to the defendants or any of their agents, the plaintiff went under the car and while there was injured. The law, under such circumstances, did not require the agents of the defendants to search beneath the cars standing upon the side-track to ascertain whether the plaintiff was beneath them, or to search him out elsewhere to learn whether he was in a place of safety, before they might rightfully proceed with their

work. It was the duty of the plaintiff, having waited the length of time he did after talking with the conductor, before placing himself in the perilous position in which he was found after his injury, to take all necessary steps to protect himself from injury by reason of moving cars. This was not done by his statements to the conductor made upon the arrival of the train, and the law will not shift that duty to the defendants without proof that the agents of the defendants in charge of the engine had notice that the plaintiff was beneath the car, making repairs, at the time the engine was driven on the side-track after the passenger train had left Lexington; and the record is entirely devoid of any evidence showing, or tending to show, that the agents of the defendants knew, or had any reason to suspect, that the plaintiff was beneath the car at the time the engine was run in on the side-track and the car under which he was at work moved, while there is ample evidence in the record to show that the plaintiff recklessly went beneath the car by the moving of which he was injured, at a time when the agents of the defendants did not know he was going under the car to make repairs, and that he did not notify the conductor, or any other member of the train crew in charge of the engine, that he was going under the car, or take any precaution to protect himself from injury, or to give warning to the defendants that he was under the car and would be injured if the car was moved. We are of the opinion, by reason of the negligence of the plaintiff, a recovery cannot be had in this case.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded.

.                              *Reversed and remanded.*

Mr. Justice Magruder, dissenting.